UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>JMR CONSTRUCTION CORP., et al.,<br><br>Defendant(s). | Case No. 2:15-CV-2226 JCM (NJK)<br><br>ORDER |

Presently before the court is defendants JMR Construction Corp., Ron Rivard, and Joanne Rivard's (collectively, "defendants") motion to reconsider the preliminary injunction. (ECF No. 20). Plaintiff Great American Insurance Company ("GAIC") filed a response. (ECF No. 21). Defendants subsequently replied. (ECF No. 22).

**I.    Relevant Background**

GAIC obtained an ex parte temporary restraining order ("TRO") against defendants on November 25, 2015. (ECF No. 20 at 1). The TRO set a preliminary injunction hearing for December 9, 2015, along with a briefing schedule. (*Id.*). GAIC notified defendants of the preliminary injunction hearing via email on December 2, 2015—the day after defendants' response was due, but a week before the date of the hearing. *See* (ECF No. 22 at 2).

On December 8, 2015, the court contacted GAIC to inquire whether defendants were served notice of the motion, as defendants had neither filed a response to the motion, nor contacted the court to seek an extension of time to file a response. (ECF No. 21 at 2). GAIC informed the court that they had properly notified defendants and would file proof of service upon receiving an affidavit from the process server. (ECF No. 21 at 2–3). GAIC subsequently filed a certificate of

**James C. Mahan**
**U.S. District Judge**

service after receiving the affidavit. (ECF No. 19). Thereafter, the court granted the preliminary injunction and vacated the hearing. (ECF No. 18).

Defendants filed a motion to reconsider preliminary injunction, arguing insufficient service and notice, and urging the court to decide whether to grant the preliminary injunction on the merits after a hearing. (ECF No. 20).

## II.     Legal Standard

The Federal Rules of Civil Procedure contain no specific provision for motions for reconsideration of a motion for preliminary injunction. However, generally, a motion for reconsideration may be brought under Rule 59(e). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e).  A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); FED. R. CIV. P. 60(b).  Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).

A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters*, 229 F.3d at 890. *See also United States v. Ward*, Case No. 2:14-cr-00306-LDG-NJK, 2015 U.S. Dist. LEXIS 47103, 10–11 (D. Nev. 2015) (Koppe, M.J.) (applying these civil reconsideration standards to a criminal case).

## III.    Discussion

Defendants argue that GAIC's attempt to give defendants actual notice via email the day after defendants' response was due is insufficient under Federal Rule of Civil Procedure 65. (ECF No. 22 at 2). Defendants argue that because they were notified about the hearing after the deadline

**James C. Mahan**
**U.S. District Judge**

- 2 -

to file a response, they were left with little recourse except to show up to the preliminary injunction hearing on the day it was scheduled. (*Id.*).

Federal Rule of Civil Procedure 65(a)(1) states "The court may issue a preliminary injunction only on notice to the adverse party." FED. R. CIV. P. 65(a)(1). Rule 65(d)(2) further states that an injunction is effective only against those "who receive actual notice of it by personal service *or otherwise* . . ." FED. R. CIV. P. 65(d)(2) (emphasis added).

The court does not find defendants' argument persuasive. Defendants received actual notice of the hearing; although it was after their deadline to file a response to GAIC's motion had passed, defendants made no attempt to contact the court to rectify the problem or request an extension of time to file a response. Accordingly, the court will not address defendants' arguments regarding the merits of the preliminary injunction, as a motion for reconsideration is an inappropriate means by which to raise arguments that should have been raised earlier in litigation. *See Kona Enters*, 229 F.3d at 890.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for reconsideration, (ECF No. 20), be, and the same hereby is, DENIED.

DATED July 21, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -